

SAMUEL SMALLS,
30420 Revells Neck Road
Eastern Correctional Institution, East
Westover, MD. 21890
SID # 1579060
ID # 501-033

\* \* \* \* \* \* \* \* \* \* \* \*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND, FOURTH CIRCUIT
U.S. COURTHOUSE, 101 Lombard Street,
BALTimore, MD. 21201,

\* \* \* \* \* \* \* \* \* \*

SAMUEL SMALLS,
    Plaintiff
       V.

William Bailey, WARDen OF E.C.I.,
ANNiE D. HARVEY, Commissioner OF Correction,
and, FRANK T. Taylor JR., Executive Director
Inmate Grievance OFFice
       (Defendants)

\* \* \* \* \* \* \* \* \* \*

   I. JURISDICTION And VENUE: IN The UNITED
States District Court For Maryland, 4th CirCuit.
   1. This is a civil action authorized by
42 U.S.C. Section 1983 to redress the depri-
vation, under color of state law, of rights
secured by the Constitution of the United
States. The court has Jurisdiction under

cont....

28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court For Maryland, Fourth Circuit is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff:

3. Plaintiff, Samuel Smalls, is and was at all times mentioned herein a prisoner of the State of Maryland, in the custody of the Maryland Department of Corrections. He, Plaintiff is currently confined in Eastern Correctional Institution (E.C.I) East, in Westover, Maryland.

4. Annie D. Harvey, is the Commissioner of the state of Maryland Department of Correction. He/she is legally responsible for the overall operation of the Department and each institution under its Jurisdiction, including Eastern Correctional Institution (E.C.I) East.

5. Defendant, William Bailey, is the

3 OF 15   cont...

Warden of Eastern Correctional Institution, East. He is legally responsible for the operation of Eastern Correctional Institution and for the welfare of all the inmates in that prison.

6. Defendant, Frank T. Taylor Jr., is a employee of the Maryland Department of Corrections who, at all times mentioned in this complaint, held the rank of Executive Director of the Inmate Grievance Office (IGO) and was assigned to preliminarily review all Inmate Grievance complaints filed by prisoners assigned to Eastern Correctional Institution, East.

7. Each defendant is sued individually and in his (or her) official capacity. At all times mentioned in this complaint each defendant acted and/or failed to have acted under the color of state law.

### III FACTS:

8 On August 23, 2022 and November 7, 2022, respectively, Plaintiff filed an Administrative Remedy Complaint to the Warden of the Eastern Correctional Institution regarding Eastern Correctional Institutional Policy and Procedure that prohibits out-of-cell outdoor exercise recreation opportunities for an inmate who's assigned to Disciplinary and Administrative

cont...

Segregation special housing confinement status (Case No. ECI-1124-22). On September 8, 2022, Plaintiff was removed from Disciplinary Segregation Housing Unit #4, and assigned to Administrative Segregation Special Confinement Housing Unit #5. On November 7, 2022, Plaintiff filed an Inmate Grievance regarding his Administrative Segregation Assignment and the atypical and significant hardship that it imposed along with the continue denial of all out-of-cell outdoor exercise opportunities. Since August 18, 2022, Plaintiff has been assigned to Administrative Segregation Special Confinement Housing and denied all out-of-cell exercise outdoor activities and opportunities, including the denial of in-door "Exercise" opportunities as the Eastern Correctional Institution does not provide dayrooms or multi-purpose rooms equipped with exercise equipment for an inmate who's housed on Disciplinary or Administrative Segregation Status. On September 3, 2022, Plaintiff filed a remedy complaint to the Commissioner of Correction regarding the denial of out-of-cell exercise opportunity for inmates

cont...

assigned to disciplinary and administrative segregation housing units here at the Eastern Correctional Institution.

9. Upon information and belief" Eastern Correctional Institional prior Wardens as well as its current Warden, as well as Maryland Department of Corrections prior and current Commissioner(s) have years of prior Knowledge of Eastern Correctional Institutional no outdoor exercise opportunity policy and practice for an inmate housed on disciplinary and Administrative Segregation.

## IV EXHAUSTION OF LEGAL REMEDIES:

10. Plaintiff, Samuel Smalls, used the prisoner grievance procedure available at Eastern Correctional Institution to try and solve the problem. On 8/23/22, plaintiff, Samuel Smalls, presented the facts relating to this complaint. On 8/31/22, plaintiff, Samuel Smalls was sent a response saying that the complaint was dismissed.(See "Exhibit A") On 9/3/22, plaintiff, Samuel Smalls appealed the dismissal of the complaint. On 9/22/22, said appeal was dismissed.(See "Exhibit B"). On September 22, 2022, Plaintiff, Samuel Smalls, filed a grievance to the Inmate Grievance Office and pre-

cont....

sented the facts relating to this complaint.
On October 13, 2022 and December 7, 2022, re-
spectively, plaintiff, Samuel Smalls, was sent
a response stating that the grievance is
hereby administratively dismissed and the
matter is closed. (Note: Plaintiff request
that this Court consider that due to
Maryland Department Of Correction policy, i.e.,
COMAR 12.02.28.04.B(1), all complaints must
be filed directly to the Inmate Grievance
Office. However, because Plaintiff, Samuel Smalls,
Disciplinary Segregation, Administrative Segrega-
tion, and denial of outdoor exercise
opportunities while assigned to said
special confinement housing status are
"closely related issues" and "the result
of a single incident and condition", plain-
tiff request that the Court's accept and
address these issues as such. See, COMAR
12.02.28.02.B.(4). end note) See, "Exhibit C".

V. LEGAL CLAIMS:

11. Plaintiff reallege and incorporate by
reference paragraphs 1-10.

12. The placing Plaintiff, Samuel Smalls, on
Administrative Segregation special Confinement
Housing and depriving Plaintiff the oppor-
tunity to recieve any enviromental sensory

of out-of-cell outdoor exercise violated plaintiff, Samuel Smalls, rights and constituted cruel and unusual punishment and procedural due process violations under the Eighth and Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment says that a State shall not "deprive any person of life, liberty, or property, without due process of law". US Const. Amdt. 14, § 1. In determining whether state officials have deprived an inmate of a procedurally pro-tected "liberty", Courts has traditionally looked to (1) the nature of the deprivation (how severe, in degree or kind) and (2) to the State's rules governing the imposition of that deprivation (whether they, in effect, give the inmate a "right", including prison regulations, to avoid it.) Plaintiff asserts that Maryland Department of Corrections Executive Directive 145-1, The ACA Stand-rds For Adult Correctional Facilities, and Section 18B of Maryland Cmm, Doc 100.0002, confer procedural benefits, creates a liberty interest, and give the plaintiff, Samuel Smalls, a "right" to avoid the depriva-tion that the defendants in this com-plaint are responsible for subjecting

cont...

Plaintiff, Samuel Smalls, to. Plaintiff asserts that there is a violation by a prison official of the cruel and unusual punishments clause of the Federal Constitution's Eighth Amendment when the deprivation alleged by a prisoner is "objectively", sufficiently so serious that the official's act or omission result in the denial of the minimal civilized measure of life's necessities. (Note: It is even consider uncivilized and inhumane not to allow a house pet dog or cat outside for a walk and any human that refuses to do so is either consider insane or deemed liable to be imprisoned for animal cruelty. end note). A prisoner's liberty interest is implicated by prison restrictions and deprivations if the restrictions and deprivation imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Courts are required to look to actual punishment in making this determination. Factors relevant to determining whether the plaintiff endured an atypical and significant hardship include the ex-

cont...

tent to which the conditions of the restriction and deprivation differ from other routine prison conditions and the duration of the restrictions imposed compared to discretionary confinement. Under the conditions of plaintiff, Samuel Smalls, administrative segregation special housing unit confinement at Eastern Correctional Institution, he is placed in a solitary confinement cell, kept in his cell for 23 hours a day (24 hours on weekends and holidays), denied outdoor exercise recreation and denied indoor exercise recreation as a result of no exercise equipment and the Institutional "Hand-Book" "No exercise in the Dayroom" policy, denied various privileges available to the general population prisoners, such as the opportunity to work, obtain out-of-cell schooling, attend religious services, access to the prison legal law library. Visitors are permitted, but the frequency and duration (one 15 min. visit every 3 weeks) is less than in general population.

13. In 2016, the General Assembly started requiring the Department of Public Safety and Correctional Services

10 of 15 cont...

to issue annual reports on its use of
restrictive housing, also known as solitary
confinement, which includes both admini-
strative and disciplinary segregation.
Citing the Vera Institute of Justice,
the Frederick News-Post reported that
"The department's data showed Maryland
prisons using restrictive housing at
nearly twice the national rate." Came-
ron Dodd. In Maryland prisons, solitary
confinement is common and controversial.
Fred. News-Post (July 26, 2018; updated
Aug. 3, 2018).

14. The argument to end solitary con-
finement is rooted in a vast body
of research that shows the serious
detrimental effects on mental and
physical health of spending 22 to 24
hours per day alone and idle in a
cell the size of a parking space. Nu-
merous studies have also found that
solitary has a disproportionate impact
on Black and brown people, youth, and
people with mental illnesses".

https://www.fredricknewspost.com/news/
crime and justice/prison/in-maryland-prisons-
solitary-confinement-is-common-and-con-

cont...

by a "Review Team" every thirty days in accordance with Section 18B OF Cmm DOC 100.0002

18. Compensatory damages in the amount of $25,000.00. against each defendant, jointly and severally.

19. Punitive damages in the amount of $25,000.00. against each defendant.

20. A jury trial on all issues triable by jury.

21. Plaintiff's costs in this suit.

22. Any additional relief this court deems just, proper, and equitable.

DAted: January 29, 2023

Respectfully submitted;

SAmuel SmAlls, 501-033

30420 Revells Neck Road

Eastern Correctional Institution,

Westover, MD. 21890

✗    ✗    ✗    ✗    ✗    ✗    ✗    ✗    ✗✗

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the

11 of 15   Cont...

troversial/article_9d4adc7c-657a-5319-8918-962fee6c4e4f.html.

15. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the inhumane deprivations and conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF:

Wherefore, plaintiff respectfully prays that this court enter judgment granting plaintiff:

16. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

17. A preliminary and permanent injunction ordering defendants, William Bailey, Annie D. Harvey, and Frank T. Taylor Jr., to promptly provide outdoor exercise opportunities for inmates who are housed on Disciplinary and Administrative Segregation Status here at Eastern Correction Institution and that inmates assigned to the aforemention status be seen

13 OF 15 Cont...

Foregoing is true and correct.

Executed at:
Westover, Maryland
On Jan. 29, 2023.
Signature,
SAMUEL SMALLS

14 OF 15  cont...  CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that ON this 19th day OF Febuary, 2023, two (2) Copies OF the Forgoing Documents, i.e., 42 U.S.C. 1983 LAWSUIT, SERVICE OF SUMMONS, and IN FORMA PAUPERIS DECLERATION, was NOTARIZED AND mAILED CERTIFIED Postal PREPAID to the CLERK OF the U.S. COURT HOUSE; 101 Lombard Street, BALto. MD. 21201.

Submitted by:

SAMuel SmALLs,

Samuel Smalls

501 033

30420 Revells Neck RD.

E.C.I. - EAST

Westover, MD. 21890

CERTIFICATE OF FILING:

I, Samuel Smalls, certify that (1) I am confined at the Eastern Correctional Institution (ECI) in Westover, MD; (2) I have no Direct Access to the U.S. Postal Service nor Am I permitted the means OF electronically filing the attached Pleadings or Pappers. ON 2/19/ , 2023, at about 8:40 a.m., I personally gave the attached Documents to E.C.I. NOTARY to be placed in a receptacle designated by this Facility FOR Outgoing mail. (3) The items was in mailable form and had the correct Address and postage.

15 OF 15 cont...

I solemnly affirm on this 19th day of FEB.
2023, under the penalty of perjury and upon
personal knowledge that the forgoing state-
ments are true.

Submitted by,
Samuel Smalls,
501-033
Samuel Smalls
2/2/23

FAZAL H KHATTAK
Notary Public - State of Maryland
Wicomico County
My Commission Expires Aug 4, 2026

F Khatte   2/2/2023