105

In the United States District Court
For the District of Maryland

In the case of
  Smalls, Plaintiff
     V.
  Bailey, et al.
     Defendant

Civil Action Number:
1:23-CV-00723-PX

\* \* \* \* \* \* \* \* \* \* \*

1. This is an "Amended Complaint" and "Supplemental Complaint" civil action authorized by Rule 15 of the Federal Rules of Civil Procedure and Federal Rules of Civil Procedure 15(d). This "Amended" and "Supplemental" Complaint seeks to redress the deprivation and Procedural Due Process violations, under color of state law, of rights secured by the Constitution of the United States. This court has Jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). In addition, "The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367". According to the Federal Rules of Civil Procedure Rules 15(a), 15(d), and 19(a), the court should grant permission

cont...

to Plaintiff "Freely" to amend and supplement civil action complaint no. 1:23-cv-00-723-PX, "when Justice so requires". (Note: Please see enclosed MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT. end note.) Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. "Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court For the District of Maryland is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

3. Plaintiff, SAMUEL SMALLS, is and was at all times mentioned herein a prisoner of the State of Maryland in the custody of the Maryland Department of Correction. He is currently confined in Eastern Correctional Institution (E.C.I), in Westover, Maryland.

DEFENDANTS:

4. Defendant, ANNIE D. HARVEY is the Commissioner of Correction of the State of Maryland Deparment of Corrections. She is

cont....

legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Eastern Correctional Institution.

5. Defendant, WILLIAM BAILEY, is the Warden of the Eastern Correctional Institution. He is legally responsible for the operation of Eastern Correctional Institution and for the welfare of all the inmates in that prison.

6. Defendant, FRANK T. TAYLOR, JR., is the Executive Director of Inmate Grievance Office and is legally responsible for the overall investigations of inmates grievances and complaints, i.e., Administrative Grievance Complaints filed to his office by an inmate.

7. Case Manager Specialist (CMS), Defendant, "Jane Doe" McCabe, is the Plaintiff assigned case manager at the Eastern Correctional Institution. She is responsible for the Plaintiff administrative segregation assignment monthly reviews, housing placement, and recommendations of continue assignment to Admin. Seg. Status.

8. Defendant, Lt. W. Donaldway, is a Correctional Officer of the Maryland Department of Corrections who, at all times mentioned in civil case no. 1:23-cv-00723-PX, held the rank of (Lt.) and was assigned to Eastern Correctional Institution housing unit #5. He is responsible for the overall operations of housing unit #5, inmates


9. Defendant, Lt. "John Doe" Kestler, is a Correctional officer of the Maryland Department of Corrections who, at all times mentioned in this complaint, held the rank of Lt. and Housing unit #4 Unit manager and was assigned to Eastern Correctional Institution housing unit #4. Lt. Kestler is responsible for the overall operations of housing unit #4 segregation inmates and was responsible for assigning Plaintiff to administrative segregation housing confinement.

10. Defendant, Sergant S. Wilson, is a Correctional officer of the Maryland Department of Corrections, who, at all times mentioned in this complaint, held the rank of Sgt. and was assigned to Eastern Correctional Institution. Sergant Wilson manages the daily operations of all the inmates who's assigned to housing unit #5, Special Confinement Housing and supervise all said inmates along with Lt. W. Donaldway.

11. Each defendant is stated individually and in his/her official capacity. At all times mentioned in this complaint, supplement, and/or amended complaint, each defendant acted under the color of state law.

   Plaintiff prays that this Court will grant and accept this amended and supplemental

cont...

Complaint as an "attachment" to his original Civil complaint No. 1:23-cv-00723-PX., applying the district court's standards in Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996) (stating that pro se complaints are interpreted less stringently). Thus, Plaintiff request that "leniency" be extended by the Court in its acceptance of this pro se "Amended" and "Supplemental" Complaint. (See; Foman v. Davis, U.S. 178, 182 (1962).)
(NOTE: SEE ATTACH MOTION TO AMEND for "Facts." end note)

Date: 5/30/23
Respectfully Submitted,
Samuel Smalls
Eastern Corr. Inst.
30420 Revells Neck RD.
Westover, MD. 21890
I.D # 501033
SID # 1579060.